702 P.2d 1374

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Gilbert FLORES, Defendant-Appellant.**

Nos. 15554, 15590.

Court of Appeals of Idaho.

July 8, 1985.

Randy John Stoker, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. Rene Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Gilbert Flores was convicted in 1977 of voluntary manslaughter and was sentenced to the custody of the Board of Correction for an indeterminate period not to exceed ten years. His case has been before us previously, on other issues. *See Flores v. State,* 104 Idaho 191, 657 P.2d 488 (Ct.App. 1983). On this appeal, Flores contends the district court erred in failing to strike the jury panel as unconstitutional, that the court erred in refusing to suppress evidence seized from Flores at the time of his arrest, and that the sentence imposed was excessive. Flores also asks us to investigate the record for any other errors which might justify reversal of the conviction or modification of the sentence. We affirm.

Flores fatally shot Manuel Solis in a tavern in Jerome, Idaho. Flores had argued with Solis and Mary Kreft, Solis' girlfriend. During the argument, Kreft struck Flores in the cheek with a beer glass. The glass inflicted a serious wound on Flores. He responded by pulling a pistol from his boot and shooting Solis and a bystander. Flores was later apprehended at the home of his estranged wife, located near Hazelton, Idaho. He was arrested and charged with second degree murder and assault with intent to commit murder.

I

Before the trial began, Flores' attorney moved to strike the jury panel as unconstitutional because it underrepresented the Hispanic population of Jerome County. His motion was denied. Flores asserts on appeal that he made a prima facie showing of an impermissible jury panel and that the state then had a burden, which it did not sustain, to prove that the panel was constitutional. Flores believes he made a prima facie showing of an unconstitutional jury panel by alleging that the local population contains a "significant component" of a Hispanic minority and that, for whatever reason, the minority group is excluded from the master jury list. He cites *State v. Lopez,* 107 Idaho 726, 692 P.2d 370 (Ct. App.1984) to support his contention. We are not persuaded.

In *Lopez,* we adopted the analysis of the Supreme Court, enunciated in *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), to determine whether a pool from which potential jurors are drawn is constitutionally infirm. Provisions of the fourteenth and sixth amendments to the United States Constitution require a jury to be chosen from a fair cross section of the community. *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).[1] A violation of the fair cross section requirement can be established by showing:

1. That the group alleged to be excluded is a "distinctive" group in the community;

2. That the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and

3. That this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri,* 439 U.S. at 364, 99 S.Ct. at 668. A prima facia showing of constitutional infirmity is made when the

---

1. For a thorough discussion of the applicable constitutional provisions, see *State v. Lopez, supra.*

defendant establishes these three elements; the burden then is on the government to show that the disparity is justified by a significant state interest. *Id.* at 367–68, 99 S.Ct. at 670.

■ In this case, Flores presented no evidence establishing the existence of the second or third *Duren* elements. Flores concedes on appeal that he presented no evidence supporting his claim of constitutional infirmity, but he contends "an improper jury rises to the level of fundamental error demanding reversal of this case." However, "fundamental error" is a doctrine allowing an issue to be raised for the first time on appeal; it is not a substitute for an adequate factual record to support that issue. The mere allegation of a fatal defect in the pool of prospective jurors is not sufficient to set aside a conviction; Flores has the burden to establish the existence of the elements constituting a prima facie case of constitutional infirmity. Because Flores did not present evidence demonstrating the jury was not selected from a fair cross section of the community, the trial court did not err in denying his motion to strike the jury panel.

## II

Flores next contends the trial court erred by refusing to suppress evidence seized on the night he was arrested. Flores believes his arrest arose from an illegal search because his discovery in the house in which he was apprehended was pursuant to a warrantless search. Thus, Flores argues, all evidence obtained as a result of his arrest, including the pistol found in his boot, should have been suppressed. Flores relies upon *Steagald v. United States*, 451 U.S. 204, 216, 101 S.Ct. 1642, 1649, 68 L.Ed.2d 38 (1981), for support of his argument. We are not persuaded. In *Steagald*, federal officers conducted a warrantless search of Steagald's home because they believed a federal fugitive was hiding there. The officers did not find the fugitive, but they did discover forty-three pounds of cocaine. On appeal from Steagald's convictions for violating federal drug laws, the Supreme Court reversed the trial court's decision to permit evidence of the cocaine to be admitted at Steagald's trial. Steagald's fourth amendment right to be free from unreasonable searches was violated when the officers searched his home without possessing a warrant.

■ The difference between this case and *Steagald* is in the party asserting a violation of his fourth amendment protections. In *Steagald*, it was the defendant's home that was unreasonably searched. In the instant case, it was not Flores' home that was searched without a warrant, it was the home of his estranged wife. Thus, Flores sought suppression of the evidence based on an alleged violation of the constitutional rights of another. The Supreme Court reiterated in *Steagald* that "rights such as those conferred by the fourth amendment are personal in nature and cannot bestow vicarious protection on those who do not have a reasonable expectation of privacy in the place to be searched." *Steagald v. United States*, 451 U.S. at 219, 101 S.Ct. at 1651. Flores does not argue the search of his estranged wife's house violated his own "reasonable expectation of privacy in the place to be searched." We conclude the district court did not err by denying Flores' motion to suppress evidence seized during the search on the night of his arrest.

## III

Flores avers the sentence imposed following his conviction is excessive, justifying modification of the sentence. As noted, Flores was sentenced to the custody of the Board of Correction for an indeterminate term not to exceed ten years. When Flores was sentenced, I.C. § 18–4007 provided that imprisonment for voluntary manslaughter could not exceed ten years. Thus, the sentence Flores received is within the maximum permitted by statute.

■ Our review of challenges to sentencing discretion is governed by *State v.*

*Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). In short, an abuse of sentencing discretion occurs if the sentence is unreasonable, but the sentence is reasonable if it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. Our review of the record convinces us the sentencing judge did not abuse his discretion by imposing the ten-year indeterminate sentence.

### IV

Finally, Flores asks us to investigate the record for any errors that might justify reversal of the conviction or modification of the sentence. However, "we will not search a trial record for unspecified errors." *State v. Crawford,* 104 Idaho 840, 841, 663 P.2d 1142, 1143 (Ct.App.1983). Error must be affirmatively shown by an appellant. It will not be presumed on appeal. *Id.* We decline Flores' invitation to search for reversible error in the record.

The judgment of conviction, including the sentence, is affirmed.