663 P.2d 1142

STATE of Idaho, Plaintiff-Respondent,

v.

Delbert CRAWFORD,
Defendant-Appellant.

No. 13295.

Court of Appeals of Idaho.

May 24, 1983.

James Annest, Burley, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Delbert Crawford was charged with robbery and a double murder arising from a single incident. A jury found him guilty of robbery, but acquitted him of murder. On appeal, he contends that the conviction for robbery is not supported by substantial evidence and that, in any event, the robbery conviction is inconsistent with acquittal on the murder charges. He also urges this court to review the record generally for any other, reversible error. For reasons explained below, we affirm the judgment of conviction for robbery.

We consider first whether the conviction is supported by substantial evidence. The incident in question occurred at a house occupied by the murder victims, named Solosabal and Peterson, along with Solosabal's wife and baby. There the victims were confronted by two male visitors—Crawford and a man named Billingsley. The details of the confrontation were later portrayed in the testimony of Mrs. Solosabal and Billingsley. Their recollections of events were inconsistent in some respects.

It is undisputed that one of the male visitors carried a shotgun and used it to kill the two murder victims in the kitchen of the house. Mrs. Solosabal testified, in effect, that the taller of the two visitors, Crawford, did the shooting; that he then took a wallet from Peterson's body; and that Billingsley took a wallet from her husband's body. She further testified that Crawford followed her into the living room of the house where he demanded and received money from her. In his testimony, Billingsley agreed that Crawford was the killer; but he disagreed as to other events in the kitchen. Billingsley said that he was the one who took Peterson's wallet, while Crawford took the wallet from Solosabal's body. However, his testimony was otherwise consistent with Mrs. Solosabal's statement that Crawford had taken money from her in the living room.

The standard governing our review is that a jury verdict supported by substan-

tial, competent evidence will not be disturbed on appeal. E.g., *State v. Olin*, 103 Idaho 391, 648 P.2d 203 (1982). We are not authorized to interfere with the jury's right to weigh the evidence and to draw all justifiable inferences. E.g., *State v. Froelich*, 96 Idaho 685, 535 P.2d 658 (1975). In this case, there was substantial evidence upon which the jury could find that Crawford had robbed Mrs. Solosabal.

Next we consider the question of whether the robbery conviction was tainted by the jury's failure to find Crawford guilty of the murder charges. Crawford argues that the verdicts are inconsistent because Mrs. Solosabal testified that the individual who shot the two murder victims was the same person who took money from her. Crawford contends that the jury could not rely upon Mrs. Solosabal's testimony for one purpose but not for the other.

■ The United States Supreme Court has held that inconsistent verdicts on two charges, where one results in acquittal and the other in conviction, do not require reversal of the conviction. *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). However, the threshold question is whether the verdicts are reconcilable upon a rational basis. *State v. Garcia*, 102 Idaho 378, 630 P.2d 665 (1981). In this case we believe the verdicts can be rationally explained. Although Mrs. Solosabal's testimony concerning the events in the kitchen was partially contradicted by Billingsley, her testimony concerning the events in the living room was not contradicted. The jury found Crawford guilty of the offense of robbery of Mrs. Solosabal on which the state's evidence was not in conflict. But the jury was unable to find Crawford guilty of murder, beyond a reasonable doubt,

where testimony as to the shocking and violent events in the kitchen was somewhat confused. Because the verdicts can be reconciled we do not view them as inconsistent. We conclude that the jury's failure to find Crawford guilty of murder affords no occasion to overturn his conviction for robbery.

■ Finally, we consider Crawford's invitation to search the record for other, reversible error. This we decline to do. Error will not be presumed on appeal, but must be affirmatively shown by an appellant. *State v. Bylama*, 103 Idaho 472, 649 P.2d 1228 (Ct.App.1982). The appellate rules require that an appellant identify the specific issues to be considered on appeal and present argument with citations to the authorities, statutes and parts of the transcript and record upon which the appellant relies. I.A.R. 35. Assertions of error which are not supported by argument or authorities cannot be considered on appeal. *State v. Smoot*, 99 Idaho 855, 590 P.2d 1001 (1978). It is implicit in Rule 35 and in *Smoot* that we will not search a trial record for unspecified errors. We are not cited, and our research has not disclosed, any constitutional or statutory obligation to do so.

The judgment of conviction for robbery is affirmed.