701 P.2d 664

STATE of Idaho, Plaintiff-Respondent,

v.

Tammy Marie KELLING,
Defendant-Appellant.

STATE of Idaho, Plaintiff-Respondent,

v.

Thomas A. SANKEY,
Defendant-Appellant.

Nos. 15001, 15028.

Court of Appeals of Idaho.

May 21, 1985.

Rehearing Denied May 21, 1985.

Petition for Review Denied
Aug. 27, 1985.

Terrence W. Hannon, Coeur d'Alene, for defendants-appellants.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In these consolidated appeals, Thomas Sankey and Tammy Kelling have challenged judgments of conviction entered against them for first degree burglary and grand theft. For these offenses Sankey received two indeterminate and concurrent four-year sentences. Kelling received two indeterminate and concurrent two-year sentences, subject to the district court's retention of jurisdiction for 120 days under I.C. § 19–2601(4). [On appeal, the principal issues are whether the evidence is sufficient to sustain the verdicts of guilt, whether the appellants were denied the effective assistance of counsel, and whether the sentences imposed were excessive.] We affirm the judgments of conviction, including the sentences imposed.

The state's evidence showed that law enforcement officers responded early one morning to an alarm at the Kootenai Saw and Cycle Shop. Enroute to the shop, one of the officers saw a car coming the opposite direction and being driven erratically. After a pursuit, the car was stopped. Sankey was in the driver's seat and Kelling in the passenger's seat. Ten chain saws, later determined to belong to the shop, were observed in the car. Kelling and Sankey were arrested. Officers later testified that Sankey appeared to have been drinking at the time of the arrest, but was not drunk.

We first consider the argument that the state's evidence was insufficient to sustain verdicts of guilt. This argument is grounded upon a claim advanced at trial, but evidently disbelieved by the jury, that a third person forced appellants to commit the burglary and theft. However, at the time of arrest, neither Sankey nor Kelling mentioned this third person to the police. Further, Kelling's version of the third-party theory varied over time. Before trial she made statements to the effect that Sankey was out of the car during the burglary-theft and that he drove the car away from the scene of the crimes. However, at trial Kelling stated that Sankey had "passed out" from drinking, that he was unaware of the crimes when they were committed, and that the third party drove the car for some distance from the crime scene.

The police officers observed that the chain saws appeared to leave no room in the car for a third occupant. Moreover, the third party appeared and testified against the appellants, as the prosecution's rebuttal witness. He stated he had been driving around with Kelling and Sankey during the night of the robbery. He said that when Sankey drove to the Kootenai Saw and Cycle Shop and broke in through the window, he, the third party, became nervous and ran away. He denied any participation in the burglary or in the ensuing theft.

 A jury is accorded the right to determine the credibility of witnesses, to weigh the evidence, and to draw all justifiable inferences. *State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App.1982). On appeal, where defendants stand convicted, we view the evidence most favorably to the prosecution. *State v. Greensweig*, 103 Idaho 50, 644 P.2d 372 (Ct.App.1982). If there is substantial evidence to support a judgment of conviction, entered upon a jury verdict, we will not set it aside. *E.g., State v. Fenley, supra*. In this case we believe the state's evidence was substantial. The appellants' third-party theory offered the jury an alternative view of the facts, but it did not diminish the substantiality of the state's evidence. The verdicts will not be disturbed.

 Sankey and Kelling next argue that they were denied the effective assistance of counsel at trial. The right to counsel, as provided in the sixth amendment to the United States Constitution, and in article I, section 13 of the Idaho Constitution, contemplates the reasonably competent assistance of a diligent, conscientious advocate. *State v. McCabe*, 101 Idaho 727, 620 P.2d 300 (1980); *Reeves v. State*, 105 Idaho 844, 673 P.2d 444 (Ct.App.1983). Appellants have challenged the effectiveness of trial counsel in several respects. They contend, first, that he should have moved for a judgment of acquittal on the evidence before the case was given to the jury. How-

ever, as noted above, there was substantial evidence of guilt and such a motion unquestionably would have been denied. An attorney does not render ineffective assistance merely because he fails to do a needless or futile act. `E.g., State v. Morris,` 97 Idaho 420, 546 P.2d 375 (1976).

Appellants next assert that animosity between them and the trial attorney prevented the attorney (an individual different from their counsel on appeal) from representing them effectively. In a related argument they urge that their trial should have been continued so that other counsel could be obtained. The record discloses that the attorney twice moved before trial to withdraw as counsel of record. The first motion, supported by an affidavit reciting nonpayment of fees and lack of communication, was abandoned when the attorney and appellants seemingly settled their differences. The second motion, filed approximately one month prior to trial, apparently was accompanied by an affidavit not furnished in the appellate record. The minutes of a hearing on the motion reflect the attorney's statement that he and his clients had reached some kind of "impasse." The court ruled that the attorney could withdraw if other counsel filed notice of readiness to proceed at trial on the scheduled date. No such notice was filed.

■ On the first day of the trial, appellants, acting in their own behalf, informed the court in general terms that animosity existed. They requested a postponement of the trial to obtain new counsel. The trial attorney neither supported nor opposed the request. The judge denied a continuance, noting that the trial had been continued once already when appellants, who were free on bond, had failed to appear. The record shows that appellants' arraignment also had been postponed once due to a failure to appear. Under these circumstances, we find no abuse of the trial judge's discretion in failing to grant the request for another continuance on the day of trial. Neither do we find that the attorney provided inadequate assistance of counsel merely because he did not make, or join in, the request himself.

■ Upon petition for rehearing in this appeal, the appellants have invited our attention to the fact that the trial attorney ultimately did withdraw, and other counsel was substituted, after the trial. The record of post-trial proceedings shows that appellant Sankey was suspected of making—but he emphatically denied having made—a death threat against the trial attorney. The specific events giving rise to such suspicion are unclear. Nevertheless, appellants now contend that their request for a continuance on the day of trial, in order to obtain other counsel, should have been granted in light of the suspected threat. We disagree. The record fails to demonstrate that the judge had been informed of such suspicion when the request was made. We will not second-guess a discretionary decision upon information subsequently made of record.

■ Moreover, the record contains no showing that the suspected threat impacted the presentation of appellants' defense. Appellants have not identified any specific evidence that the trial attorney failed to offer in their behalf, nor have they argued that he improperly failed to object to any specific evidence offered against them. We will not search a trial record for unspecified errors. `E.g., State v. Crawford,` 104 Idaho 840, 663 P.2d 1142 (Ct.App.1983). There is simply no basis, on the record before us, to conclude that another trial continuance should have been granted, or that appellants' right to effective assistance of counsel was denied, upon mere suspicion of a threat denied by Sankey himself.

■ The appellants also contend that their trial attorney should have investigated more fully the third person who allegedly forced them to commit the burglary and theft. Of course, defense counsel is obliged to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to guilt, the degree of guilt or the

penalty. *State v. Larkin*, 102 Idaho 231, 628 P.2d 1065 (1981). But the course of investigation will be shaped, among other things, by what a defendant tells his counsel, by counsel's preliminary knowledge of the evidence against the defendant and by a variety of other factors—many of which are peculiar to the given case. *State v. Perez*, 99 Idaho 181, 579 P.2d 127 (1978). The record here does not reveal what requests were made of, or what information was furnished to, defense counsel about the third party.

We cannot presume a denial of assistance of counsel without a basis for objective analysis of the attorney's performance. Bare assertions or speculations, unsupported by specific facts, do not suffice to show ineffective counsel. *E.g., Daugherty v. State*, 102 Idaho 782, 640 P.2d 1183 (Ct.App.1982). Moreover, it is well settled in Idaho that those who claim ineffective assistance of counsel must show the resultant prejudice. *E.g., Reeves v. State, supra.* The United States Supreme Court recently has articulated a rigorous standard for showing prejudice. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (claimant must show reasonable probability of a different result if afforded effective assistance). Appellants here have not even begun to meet such a burden. Indeed, it would be a rare case where the burden could be satisfied on the record of a direct appeal as opposed to post-conviction relief. *See State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975); *State v. Rendon*, 107 Idaho 425, 690 P.2d 360 (Ct.App.1984). We conclude that Sankey and Kelling have not established a right to relief based upon ineffective assistance of counsel.

Finally, Sankey and Kelling contend that the district court abused its sentencing discretion by imposing sentences excessive in length. Sankey and Kelling could have been sentenced to maximum terms of fifteen years for first degree burglary, I.C. § 18–1403, and fourteen years for grand theft, I.C. § 18–2408. Therefore, the four-year concurrent sentences imposed upon Sankey, and the two-year concurrent sentences imposed on Kelling with jurisdiction retained, clearly were within the statutory limits.

The presentence reports showed that Sankey had a lengthy record of misdemeanor offenses. The report identified numerous episodes of violent or threatening behavior. The investigator recommended imprisonment. In contrast, Kelling had a clear record except for a single misdemeanor. However, the investigator observed that she continued to deny culpability for the crimes at issue here. Her remarks to the judge in open court were consistent with this observation. The investigator recommended confinement subject to retained jurisdiction. Having reviewed the full record and having considered the sentence review criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the sentences imposed were not excessive and that the district court did not abuse its discretion.

The judgments of conviction and the sentences are affirmed.