857 P.2d 649

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roy Arthur FEE, Defendant–Appellant.**

**No. 19748.**

Court of Appeals of Idaho.

Aug. 6, 1993.

172

Robert M. Taisey, Jr., Weiser, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., for plaintiff-respondent.

WALTERS, Chief Judge.

Roy Arthur Fee was found guilty by a jury on a charge of aggravated assault. I.C. §§ 18–901; 18–905. He appeals from the judgment of conviction, contending that he did not receive effective assistance of counsel in several respects during his trial. We affirm.

## FACTS AND PROCEDURE

According to the testimony of the victim, the alleged assault occurred when Fee entered the victim's home early one morning, held a knife close to her throat and threatened to kill her if she did not tell him of the whereabouts of Fee's wife and a man with whom Mrs. Fee was then living. The victim testified that she was greatly frightened by the defendant's conduct, both for herself and for Mrs. Fee and Mrs. Fee's friend, because of Fee's expressed desire to kill those people also. In his defense, Fee testified that he confronted the victim to determine if she knew where Mrs. Fee and the man were, but that he did not hold his knife to the victim's throat or threaten to kill the victim. Other witnesses called by the state corroborated the victim's version of the confrontation by relating admissions made to them by Fee after he had left the victim's home.

In his argument on appeal, Fee's counsel [1] asserts that Fee was afforded ineffective assistance of counsel at trial in numerous respects. All of these contentions are predicated upon trial counsel's alleged failure to do some affirmative act which Fee now argues should result in a reversal of the judgment of conviction. Because these claims have been made on a direct appeal from the judgment, no evidentiary hearing was held nor was any affidavit presented regarding the theories, tactics or strategies of Fee's trial counsel to explain why he did not perform in the manner about which Fee now complains. *See, e.g., Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App.1990) (appeal from order denying relief on application for post-conviction relief, after evidentiary hearing, on allegations of ineffective assistance of counsel); *Davis v. State*, 116 Idaho 401, 775 P.2d 1243 (Ct.App.1989) (same).

## STANDARDS OF REVIEW

At the outset, we note that—in order to prevail on a claim of ineffective assistance of counsel—the appellant must show that his counsel's representation was

deficient and that the deficiency prejudiced him. *Id., citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) *and Aragon v. State*, 114 Idaho 758, 760 P.2d 1174 (1988). In the determination of whether deficient performance occurred, there is a strong presumption that the performance by counsel was within the "wide range of professional assistance." *Aragon*, 114 Idaho at 760, 760 P.2d at 1176, *quoting Strickland*. Prejudice is presumed in a few instances, such as lack of counsel altogether or where there is a conflict of interest on the part of counsel. *Id.* at 761, 760 P.2d at 1177. Such circumstances do not exist in the present case, so prejudice must be established by the appellant. *State v. Roles*, 122 Idaho 138, 832 P.2d 311 (Ct.App.1992).

In order to establish that the deficiency prejudiced his case, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. In the determination of this issue, we "must consider the totality of the evidence before the judge or jury." *Id.*, 466 U.S. at 695, 104 S.Ct. at 2068. Furthermore,

> strategic or tactical decisions made by trial counsel will not be second-guessed on review, unless those decisions are made upon a basis of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation.

*Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989) (citations omitted).

## CLAIMS

The particulars of Fee's claims of denial of effective assistance of counsel involve ten areas of concern, according to his argument on appeal. He submits that his counsel (1) failed to advise him he would be subject to cross-examination by the state, if he chose to testify on his own behalf; (2) failed to object to certain testimony; (3) failed to object to leading questions posed

---

**1.** Fee's counsel on appeal is not the same attorney who represented Fee during the trial.

by the prosecutor; (4) failed to move for a change of venue; (5) failed to require the state to prove a chain of custody of the defendant's knife before stipulating to the admission of the knife in evidence; (6) failed to move for a mistrial; (7) failed to object to comments by the court which would have served as the basis for the mistrial motion; (8) failed to object to allegedly improper comments by the prosecutor in summation to the jury; (9) failed to subpoena a mattress for introduction as evidence; and (10) failed to object—on grounds of relevancy—to testimony concerning events which occurred after the incident involving the victim. We will discuss each of these issues in turn.

### a. Exposure to cross-examination.

 Fee argues first that his counsel failed to advise him with regard to the procedure involved in a criminal case and of the potential consequence if he chose to testify. In particular, Fee contends that counsel failed to inform him that if he testified the state would have an opportunity to cross-examine him. It is well established in Idaho that a defendant who takes the stand to testify on his own behalf is subject to cross-examination, just as is any other witness, subject to certain constitutional protections and constraints. *State v. White*, 97 Idaho 708, 551 P.2d 1344 (1976); *State v. Dunn*, 91 Idaho 870, 434 P.2d 88 (1967); *State v. Storms*, 84 Idaho 372, 372 P.2d 748 (1962); *State v. Hargraves*, 62 Idaho 8, 107 P.2d 854 (1940). Fee does not cite any authority for the proposition that the failure of an attorney to advise his client of this status of the law constitutes ineffective assistance of counsel. Moreover, we note that there is no evidence in the record on this point, either to substantiate or to refute Fee's claim that his attorney failed in fact to provide him with such advice. There is also no evidence, or even a contention, that if Fee had been apprised of the risk of cross-examination he would have elected not to testify in his own defense, or that if he had declined to testify the result of the trial would have been different. Under these circumstances, we conclude Fee has not established that his counsel was deficient with regard to the alleged failure to inform Fee of the state's right to conduct cross-examination or that Fee suffered prejudice from the alleged deficiency.

### b. Inconsistent testimony.

 Next, Fee maintains that his trial counsel failed to object to testimony which was inconsistent with testimony given at the preliminary hearing. However, Fee does not direct our attention to any particular portions of the testimony about which he now complains. It is well settled that we will not search a trial record for unspecified errors. *State v. Kelling*, 108 Idaho 716, 719, 701 P.2d 664, 667 (Ct.App.1985); *State v. Crawford*, 104 Idaho 840, 663 P.2d 1142 (Ct.App.1983). Further, Fee has not specified what objections his counsel could have raised that would have persuaded the court to exclude the evidence. Testimony is not necessarily objectionable merely because the witness has made prior inconsistent statements. Indeed, as a tactical matter, counsel may well prefer to allow inconsistencies in testimony to be developed, in order to provide a basis for argument to the jury concerning credibility and impeachment of particular witnesses. Under that circumstance, an objection to the testimony, on the ground of inconsistency, clearly would be unwise. Because of Fee's lack of specificity as to what evidence his attorney should have objected to, and what objections should have been raised, and in view of the presumption flowing from the wide range of professional assistance and tactical strategy accorded counsel, we hold that Fee has not established his attorney's alleged deficient performance in this regard.

### c. Leading questions.

 Third, Fee asserts that his attorney failed to object to leading questions asked by the prosecutor. Again, Fee does not point to any particular question posed by the prosecutor which would have been subject to such an objection. As stated, we will not search the record for unspecified errors, *State v. Kelling, supra;* *State v.*

*Crawford, supra,* and we hold that Fee has failed to show any deficient performance in this respect.

### d. Change of venue.

As his fourth proposition that his counsel was ineffective, Fee argues that his attorney failed to file a motion for change of venue. The reasons for a change of venue, as set forth in Idaho Criminal Rule 21(a) and 21(b), are that a fair and impartial trial cannot be had in the county where the case is pending or that the convenience of the parties and the witnesses would best be served by a change of the venue. Case law teaches that where a defendant did not challenge for cause any juror seated in the case on trial and the record demonstrates that none of the jurors had formed an opinion of the defendant's guilt or innocence based on pretrial publicity, the defendant has failed to show that the setting of the trial was inherently prejudicial or that the jury-selection process permitted any inference of actual prejudice; as a result, the trial court did not err in denying the defendant's motion for change of venue. *State v. Winn,* 121 Idaho 850, 828 P.2d 879 (1992). It further has been held that the issue of whether a change of venue should be requested is a matter of trial strategy and tactical choice, not subject to review as a claim of ineffective assistance of counsel in the absence of proof of inadequate preparation or ignorance on counsel's part. *State v. Carter,* 103 Idaho 917, 923, 655 P.2d 434, 440 (1982). Here, there is nothing in the record to establish the basis for a change of venue, even if such a request had been made. Accordingly, we hold that the failure of Fee's counsel to move for a change of venue did not constitute ineffective assistance of counsel.

### e. Chain of custody.

Next, Fee challenges his counsel's decision to stipulate to the admission in evidence of the knife used during the alleged assault without first requiring the state to establish a chain of custody. Again, we are persuaded that no error has been shown. The record does not demonstrate that there was any basis for raising a chain of custody question; there is no indication of alteration, modification or any change of condition of the knife as an exhibit. The only foundation necessary was that the exhibit must be shown to be in substantially the same condition as when the crime was committed—proof through a chain of custody is not a separate requirement for admissibility. *State v. Wilson,* 120 Idaho 643, 818 P.2d 347 (Ct.App.1991); *State v. Campbell,* 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). Consequently, even if counsel could be faulted for not raising a chain-of-custody inquiry, any objection to the exhibit, based on questionable identity and authenticity (the true grounds for a chain of custody objection), would go to the weight to be accorded the exhibit and not to its admissibility. *State v. Wilson, supra, citing State v. Thomas,* 94 Idaho 430, 489 P.2d 1310 (1971). Here, the record clearly establishes there was no question that the knife, which was wielded during the assault, belonged to the defendant. There was no evidence or any other indication that the exhibit had been changed in any material respect. Counsel's failure to assert a chain-of-custody objection under these circumstances cannot be deemed ineffective assistance.

### f. Court's comments and mistrial.

The next two points raised by Fee are interrelated. They concern the question of whether his counsel should have objected to certain comments by the court and whether he should have moved for a mistrial because of those comments. The situation came about as follows. The state had introduced four exhibits: the knife (Exhibit A); two bedsheets from the victim's bed, where the assault had occurred (Exhibits B and C); and the scabbard or sheath from the defendant's belt where he carried the knife (Exhibit D). After these exhibits were admitted, the defendant testified on his own behalf. He explained that certain cutmarks appeared on the sheets as a result of the handling of the knife by the victim, not the defendant. He also related that the knife was extremely sharp, observ-

ing that "It will shave the hairs off your arm." In the course of direct examination of Fee by his counsel, Fee's attorney asked leave to have Fee conduct an in-court demonstration of his version of the use of the knife during the incident involving the victim. In response to this request, the court said

> Well, I will let him make a demonstration with—Well, let me find out first what the prosecution's position is. But, quite candidly, he is not going to be allowed to make a demonstration with Exhibit A. We can substitute something. He can borrow the gavel or some other object or a pen or something, but I don't think it's wise under the circumstances to allow Exhibit A to be used in that fashion at this point.

The state expressed no objection to the demonstration, and Fee proceeded to show the jury—using the sheath instead of the knife—how the victim had cut the sheets while handling the knife.

On appeal, Fee argues that the court's comments portrayed him as a person who could not be trusted with the knife. He argues that his counsel should have objected to the comments, and also should have moved for a mistrial, based on those comments.

We do not find the court's comments to be as objectionable as argued by Fee. In the interest of safety and courtroom security, we can understand the trial judge's reluctance to permit the defendant to handle the weapon with which he had been charged to have assaulted the victim. The testimony in the record convinces us that Exhibit A was a very dangerous weapon. Nor are we persuaded that, under the circumstances, the jury reasonably would have ascribed any particular degree of dangerousness to the defendant independent of the fact that the knife itself was not a harmless instrument. We do not agree with Fee's conclusion that the court's comments rose to a level that would have precipitated a successful motion for mistrial. At the point in time when the comments were made by the court, the victim had testified as to her version of the events

surrounding the alleged assault and the state had presented testimony from other witnesses (which we later shall discuss) concerning corroborative admissions made to them by the defendant after the incident with the victim. Viewing the court's comments in light of all the evidence presented in the case, we are not persuaded that those comments establish reversible error. *State v. Urquhart,* 105 Idaho 92, 665 P.2d 1102 (Ct.App.1983). Accordingly, we hold that Fee has not shown that he was deprived of the effective assistance of counsel either as a result of his counsel's failure to object to the court's comments or to move for a mistrial based on those comments.

**g. Prosecutor's summation.**

■ Fee next contends his counsel acted improperly by failing to object to comments made by the prosecutor in summation to the jury at the close of the evidence, which Fee now argues were overzealous or assumed facts not in evidence or were irrelevant. We have reviewed all of the statements made by the prosecutor about which Fee complains. We conclude that none of the cited instances involved overzealousness, assumption of facts not reasonably supported by the evidence or assertion of irrelevant matters. Having found no error in the prosecutor's comments, we hold that the objections presently asserted would not be well-taken and, as such, their absence would not constitute ineffective assistance of counsel. *State v. Kelling,* 108 Idaho 716, 701 P.2d 664 (Ct.App.1985), *citing State v. Morris,* 97 Idaho 420, 546 P.2d 375 (1976).

**h. Mattress.**

■ As his ninth claim, Fee points to his counsel's failure to subpoena—for introduction into evidence during the trial—the mattress from the bed upon which the victim was laying when the alleged assault occurred. He argues that this item would have been helpful to show whether there were any stab cuts on the bed. Notably, during the trial, Fee admitted that the sheets on the bed had been cut, but he

 

testified that they were cut by the victim while she was handling his knife. Also, the victim never testified that the defendant ever stabbed the mattress and, in fact, Fee testified he did not ever stab the knife into the mattress.[2] In light of the testimony in the record, we conclude that the failure of defendant's counsel to obtain the mattress for introduction into evidence did not constitute ineffective assistance.

### i. Post-assault events.

 Finally, Fee avers that his counsel failed to object to testimony about events and conversations involving the defendant at another house after the incident at the victim's home. Fee poses a generalized argument that all of this evidence was irrelevant. However, the occupants of the house testified that Fee stated he had just come from the victim's home, where—referring to the victim—he had "scared the [expletive deleted] out of her and threatened her with a knife." He also told the occupants he was going to kill Mrs. Fee and her male friend. One of these witnesses related that Fee produced a pistol, explaining which of the bullets in the gun he would use to shoot Mrs. Fee and her friend. In addition, this witness also identified the defendant's knife during the trial, as having been displayed by Fee in her home and also later by the police when law enforcement officers showed it to her during their investigation of the case. These revelations, and particularly the admissions by the defendant, served to corroborate the victim's version of the incident in her house. The evidence was clearly relevant. Thus, an objection on the ground of irrelevance would not have been well-taken and properly would have been overruled by the court. Accordingly, the failure of counsel to make the objection claimed would not constitute ineffective assistance of counsel because, as we have noted earlier, counsel need not make futile or needless objections. *State v. Kelling*, 108 Idaho 716, 701 P.2d 664 (Ct.App.1985), *citing State v. Morris*, 97 Idaho 420, 546 P.2d 375 (1976).

**2.** In response to the prosecutor's question on cross-examination, "Did you ever stab the knife

### CONCLUSION

Having concluded that Fee has not established he was deprived of the effective assistance of counsel, we affirm the judgment of conviction for aggravated assault.

LANSING and PERRY, JJ., concur.

into the mattress?" Fee replied "No, sir."