859 P.2d 359

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joseph Scott FORTIN, Defendant– Appellant.**

**No. 20243.**

Court of Appeals of Idaho.

Sept. 2, 1993.

---

G. LaMarr Kofoed, Fruitland, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

LANSING, Judge.

Joseph Scott Fortin pled guilty to aggravated driving under the influence of alcohol, I.C. § 18–8006. He appeals the sentence imposed by the district court and the denial of his Rule 35 motion to modify his sentence. We affirm.

The charge against Fortin arose from a head-on collision on State Highway 71 west of Cambridge, Idaho. The vehicle driven by Fortin crossed the centerline and entered the oncoming lane of traffic, colliding with another vehicle. The driver of the other vehicle sustained serious injuries. Over two hours after the accident, Fortin's blood-alcohol content was 0.16 percent. Fortin was charged with aggravated driving under the influence of alcohol in violation of Idaho Code § 18–8006.

Fortin entered his guilty plea pursuant to a negotiated agreement under I.C.R. 11(d)(1)(B). In exchange for Fortin's plea

of guilty, the prosecutor agreed not to press any additional charges stemming from this incident and to recommend an aggregate sentence of five years with a minimum confinement of one year, and also to recommend that the determinate portion of the sentence be served in the county jail.

The district judge accepted the guilty plea and, in accordance with the plea agreement, sentenced Fortin to incarceration for an aggregate term of five years with a minimum period of confinement of one year. The judge did not, however, allow Fortin to serve the determinate portion of his sentence in the county jail, electing instead to commit Fortin to the custody of the Board of Correction. The judge also ordered Fortin to pay restitution to the victim in the amount of $12,975.00.

Fortin timely filed a motion to modify the sentence pursuant to I.C.R. 35, alleging that he should be allowed to serve the determinate portion of his confinement in the county jail and that the order to pay restitution was inappropriate because the victim had already been compensated by insurance. Prior to a decision on the Rule 35 motion, Fortin filed a direct appeal from the judgment of conviction and sentence. Subsequently, Fortin's Rule 35 motion was denied without a hearing.

On appeal Fortin contends that his sentence should be modified because he was not afforded effective assistance of counsel at the sentencing hearing, because his guilty plea was coerced and because the sentence was unreasonable. Fortin also asserts that the district court erred by dismissing his Rule 35 motion without receiving evidence that Fortin wished to submit at a hearing.

■ As a preliminary matter the Court must address the state's contention that this appeal does not encompass the denial of Fortin's Rule 35 motion, because Fortin filed his notice of appeal before the district court dismissed the motion. Idaho Appellate Rule 17(e)(1)(C) provides that a notice of appeal from a judgment is deemed to include all post-judgment orders and decrees. An order denying a motion to modify a sentence is such a post-judgment or-

der. Therefore, Fortin's appeal encompasses the denial of his Rule 35 motion.

I

■ Fortin first alleges that he received ineffective assistance of counsel because his attorney failed to adequately prepare for the sentencing hearing. The Sixth Amendment right to be represented by counsel includes the right to be represented by reasonably competent counsel in an adequate fashion. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish that counsel's representation has been ineffective, the petitioner must show that the attorney's performance fell below a standard of "competence demanded of attorneys in criminal cases" and that the defendant was prejudiced as a result. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. To establish that he or she has been prejudiced the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, *quoted in Aragon,* 114 Idaho at 761, 760 P.2d 1174.

We note that it is often inappropriate to present a claim of ineffective assistance of counsel on a direct appeal from the conviction and sentence because the facts underlying the ineffective assistance claims are rarely reflected in the record on direct appeal. *See State v. Darbin,* 109 Idaho 516, 523, 708 P.2d 921, 928 (Ct.App.1985). Here, however, the deficiencies of which Fortin complains allegedly occurred in counsel's performance at the sentencing hearing; therefore, this claim can be assessed from the transcript.

■ At sentencing, Fortin's counsel presented the testimony of two witnesses in support of the request that Fortin serve his sentence in the county jail. Fortin's counsel argued strenuously that Fortin should receive a sentence that would give him a chance to start over again rather than suffer the life-disrupting effects of a term in

prison. Fortin points to no specific errors or deficiencies in his counsel's performance, nor does he identify any evidence that should have been presented or any further preparation that his counsel might have made. He merely argues that "trial counsel would have been expected to prepare more aggressively for sentencing." This Court will not search the record for error or deficiency in an attorney's performance when the appellant has failed to specify one. *State v. Kelling,* 108 Idaho 716, 719, 701 P.2d 664, 667 (Ct.App.1985); *State v. Crawford,* 104 Idaho 840, 663 P.2d 1142 (Ct.App.1983). Fortin has not shown that his attorney rendered ineffective assistance at the sentencing hearing.

■ Fortin also avers that his attorney was inadequate in failing to warn Fortin that the judge could disregard the plea bargain and refuse to allow Fortin to serve a portion of his sentence in the county jail. Even assuming that this allegation is true, Fortin cannot demonstrate that he was prejudiced by this alleged deficiency in his lawyer's advice. The record amply demonstrates that Fortin was aware that the negotiated plea agreement calling for incarceration in the county jail was not binding on the court. Before accepting Fortin's guilty plea the district court informed Fortin that the court was not bound by the recommendation of the prosecutor regarding sentencing. The district judge also stated that it was not his practice to permit offenders incarcerated for as long as one year to serve their sentences in the county jail. Thus, Fortin was well aware before pleading guilty that his sentence might not conform to the plea agreement. Under these circumstances, Fortin could not have been prejudiced by his lawyer's alleged omission to advise him of the risk of penitentiary incarceration. We note also that our Supreme Court has stated that, "it has nowhere been held that if counsel advises his client in good faith that a plea of guilty will result in a recommendation of a lighter sentence …, this strips the plea of its voluntary nature." *Walker v. State,* 92 Idaho 517, 520, 446 P.2d 886, 889, *quoting Floyd v. U.S.,* 260 F.2d 910, 912 (5th Cir. 1958).

Fortin has not demonstrated that his conviction or sentence should be vacated on grounds that he was deprived of effective assistance of counsel.

## II

■ Next, Fortin asserts that he was "coerced" into pleading guilty by the prosecutor's recommendation that he receive a jail sentence instead of penitentiary incarceration. This claim is not supported by the record. As noted above, Fortin was aware that the negotiated plea agreement only called for a recommendation by the prosecutor that Fortin be incarcerated in the county jail, and he was also aware that the recommendation could be rejected by the court. A prosecutor's negotiations with a defendant are not per se coercive, and where proper plea negotiation procedures are used they will not constitute grounds for challenging the validity of a guilty plea. *State v. Roderick,* 97 Idaho 82, 84, 540 P.2d 267, 269 (1977); *Cooper v. State,* 96 Idaho 542, 547 n. 12, 531 P.2d 1187, 1192 n. 12 (1975); *Pulver v. State,* 93 Idaho 687, 689, 471 P.2d 74, 76–77 (1970), *overruled on other grounds* by *State v. Tucker,* 97 Idaho 4, 8, 539 P.2d 556, 560 (1975). Where the prosecution lives up to its end of a plea bargain by making the sentencing recommendation requested, a defendant will not be heard to complain that the voluntariness of his guilty plea has been affected. *Hays v. State,* 113 Idaho 736, 745, 747 P.2d 758, 767, (Ct.App.1987) *aff'd* 115 Idaho 315, 766 P.2d 785 (1988). Fortin does not contend that the prosecutor reneged on the plea agreement. Therefore, we find that Fortin's guilty plea was voluntary, knowing and intelligent and was not the result of coercion.

## III

We consider next Fortin's argument that the district court erred in summarily dismissing his Rule 35 motion without first conducting a hearing at which Fortin could submit additional evidence. Fortin sought to introduce testimony of a man who was riding with him at the time of the accident.

Fortin contends that this testimony would have supported his request that the district court follow the plea agreement and allow Fortin to serve his sentence in the county jail. Fortin also wished to present evidence that the victim's medical expenses, for which Fortin had been ordered to pay restitution, had been covered by insurance.

 Rule 35 of the Idaho Criminal Rules provides that the trial court may, in its discretion, decide a motion to modify a sentence without the admission of evidence and without oral argument. An abuse of this discretion is shown only where the court unreasonably limits the information submitted. *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct.App.1984). A judge need not allow the movant to submit evidence that either is clearly irrelevant or provides no support for the movant's position. A Rule 35 movant wishing to submit additional evidence should make an "offer of proof" in the motion itself or by an accompanying affidavit to enable the district judge to make a reasoned decision on whether to hold an evidentiary hearing and to create a record upon which appellate review may be based.

 Fortin stated in his motion that he wished to present the testimony of Darin Walker, who was Fortin's passenger the night of the accident. Fortin did not, in his motion or by affidavit, inform the district court what the substance of Walker's testimony would be. This Court will not disturb the district court's discretionary decision without any evidence that the proffered testimony was relevant. Fortin bore the burden of presenting a sufficient record to allow judicial evaluation of the merits of his Rule 35 motion. *State v. Rundle*, 107 Idaho 936, 937, 694 P.2d 400, 401 (Ct. App.1984); *State v. Ramirez*, 122 Idaho 830, 839 P.2d 1244 (Ct.App.1992). Having failed to make such a record, Fortin has not shown that the district court abused its discretion by denying the motion without admitting Walker's testimony.

 Fortin also maintains that the court abused its discretion by dismissing his Rule 35 motion without considering evidence that the victim's medical bills had been paid by insurance. Preliminarily, we note that a motion under I.C.R. 35 is not an appropriate means by which to challenge an order of restitution. Idaho Code § 19–5304(10) provides that a defendant may, within forty-two days of the entry of the restitution order, either appeal the order or request relief from the order in accordance with the Idaho Rules of Civil Procedure relating to relief from final orders. However, because Fortin timely appealed from the restitution order, we will consider this issue. *See State v. Aubert*, 119 Idaho 868, 869 n. 3, 811 P.2d 44, 45 n. 3 (Ct.App.1991).

 Fortin's contention that the court should have received evidence of the victim's insurance coverage cannot be sustained. Idaho Code § 19–5304(2), which provides for restitution to the victim for any economic loss resulting from a crime, also specifies that, "The existence of a policy of insurance covering the victim's loss shall not absolve the defendant of the obligation to pay restitution." Therefore, Fortin's proffered evidence that the victim had received insurance benefits was irrelevant to the court's decision on restitution. A court does not abuse its discretion by declining to consider irrelevant evidence.

IV

Fortin's final contention is that the district court abused its discretion by sentencing Fortin to the custody of the Board of Correction rather than committing him to the Washington County jail, and by ordering that Fortin pay restitution.

 In reviewing a sentence we apply an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence does not exceed the maximum allowed by statute, the defendant must show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation or retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). We consider the minimum period of confinement as the probable duration of incarceration. *State*

*v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In this case Fortin's sentence was within the legal maximum provided by I.C. § 18–8006. Therefore, in order to prevail upon his appeal he must show that under any reasonable view of the facts of his case, a sentence of one year's confinement in the custody of the Board of Correction is an abuse of discretion. *Toohill, supra.*

 At the time of sentencing, Fortin was twenty-four years old. He had an extensive criminal history beginning as a juvenile. As an adult, his record included at least two burglary convictions, two probation violations and a failure to appear. Fortin had served periods of incarceration in the county jail, with work release, at least twice and had been placed on probation, supervised probation and intense probation. He had also been committed to the North Idaho Correctional Institution ("NICI") during a period of retained jurisdiction. The presentence report noted that Fortin had a recurrent drinking problem which had been treated while he was at NICI and for a period thereafter. However, Fortin had failed to maintain sobriety. The presentence investigator noted that Fortin was in a state of denial regarding his alcohol problem. The court observed that Fortin showed some remorse, but did not accept responsibility for his action.

We are unpersuaded by Fortin's contention that it was unreasonable for the district court to disregard the negotiated plea agreement which called for incarceration in the county jail rather than in a state institution. The record shows that the district judge properly considered all of the goals of sentencing in arriving at his sentencing decision. We find no abuse of discretion with regard to the length or location of Fortin's confinement.

Fortin also argues that it was error for the court to order him to pay $12,975 in restitution to the victim injured in the automobile accident in view of the fact that the victim had received insurance proceeds covering some or all of the same expenses. As explained above in relation to Fortin's Rule 35 motion, insurance coverage for the victim's loss does not affect the restitution obligation. The restitution order was appropriate.

Finding no error in the proceedings below, we affirm the conviction and sentence and the denial of Fortin's motion to modify the sentence.

WALTERS, C.J., and PERRY, J., concur.