**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42327**

| | | |
|---|---|---|
| **MARK DUANE BEAVERS,** | ) | **2015 Unpublished Opinion No. 742** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: December 2, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Jay P. Gaskill, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Mark Duane Beavers appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Beavers with trafficking in marijuana, possession of a controlled substance, and possession with intent to deliver after he sold marijuana to an undercover officer. A jury convicted Beavers of all the charges. Beavers filed a petition for post-conviction relief claiming ineffective assistance of counsel. In his petition, Beavers asserted that trial counsel did not allow Beavers to listen to recorded conversations between himself and a confidential informant or help edit the recordings before presentation to the jury. In an affidavit in support of his petition, Beavers stated that the "net" effect of trial counsel's actions "was to prevent the jury

1

from hearing recorded evidence in support of the defense of entrapment." Beavers did not include the content of the unedited recordings in his petition or affidavit.

The district court appointed post-conviction counsel to represent Beavers. The State filed a motion for summary dismissal, and Beavers filed a brief in response. The court held a hearing on the motion. About two weeks after the hearing, Beavers filed a motion for change of counsel alleging his post-conviction counsel was ineffective in various ways. The court granted the State's motion for summary dismissal without addressing Beavers' motion for change of counsel. Beavers timely appeals.

## II.

## ANALYSIS

Beavers argues the district court erred by summarily dismissing his ineffective assistance of counsel claim and by failing to rule on his motion for change of counsel.

### A. Summary Dismissal of Ineffective Assistance of Counsel Claim

Beavers asserts the district court erred in summarily dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

2

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Beavers specifically asserts the district court erred in summarily dismissing his ineffective assistance of counsel claim. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). Thus, to make a prima facie case of ineffective assistance of counsel and survive summary dismissal, the

petitioner must establish both deficiency and prejudice. *See Strickland*, 466 U.S. at 687-88; *DeRushé*, 146 Idaho at 603, 200 P.3d at 1152. To establish deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

Beavers argues that his affidavit created a genuine issue of material fact. According to Beavers, his affidavit presented evidence "that the un-redacted audio recordings of his conversations with the State's confidential informant supported his entrapment defense." Because the State did not present any evidence rebutting Beavers' evidence, Beavers asserts "the State failed to meet its burden of demonstrating that there was no genuine issue of material fact" and "the district court erred in granting the State's motion for summary dismissal . . . ."

The district court held that Beavers failed to show how his trial counsel's alleged deficiencies prejudiced him. We agree. Beavers' argument ignores his duty to provide specific facts showing deficiency and prejudice in his petition and affidavit in support of his petition. In *Jones v. State*, 125 Idaho 294, 870 P.2d 1 (Ct. App. 1994), we held a petitioner must provide specific facts showing his trial counsel's alleged deficiencies prejudiced him. We noted that a petitioner "must provide at least some indication of what information is missing or how it would have been used in the defense. Without such a showing, there can be no evidence of prejudice and a claim is subject to summary dismissal." *Id.* at 297, 870 P.2d at 4. Moreover, in *State v. Kelling*, 108 Idaho 716, 701 P.2d 664 (Ct. App. 1985), we held a petitioner must provide a basis for objective analysis of his attorney's performance in order to show deficiency, stating that "bare assertions or speculations, unsupported by specific facts, do not suffice to show ineffective counsel." *Id.* at 720, 701 P.2d at 668.

Beavers has not provided specific facts showing deficiency or prejudice in his petition and supporting affidavit. In his petition, Beavers asserted that trial counsel did not allow Beavers to listen to recorded conversations between himself and a confidential informant or help edit the recordings before presentation to the jury. In his affidavit, Beavers stated that the "net" effect of trial counsel's actions "was to prevent the jury from hearing recorded evidence in

4

support of the defense of entrapment." In his petition and affidavit, Beavers did not present any specific facts such as the content of the unedited recordings, showing how the unedited recordings supported an entrapment defense. Beavers' opinion as to the net effect of the editing provides no facts in support of the claim. Without such information, the district court was unable to objectively determine whether trial counsel was deficient and whether trial counsel's alleged deficiencies prejudiced Beavers. Thus, Beavers did not make a prima facie case of ineffective assistance of counsel and the district court properly dismissed his ineffective assistance of counsel claim.

## B.    Failure to Rule on Motion for Change of Counsel

Beavers claims the district court should have considered and ruled on his motion for change of counsel before ruling on the State's motion for summary dismissal. Beavers asserts that the court granted him a right to continued post-conviction counsel by appointing counsel at the outset of the case. Because due process requires the State, when it creates a right, to afford the individual possessing the right minimum procedures, Beavers asserts due process required the court to at least review his motion and make a ruling on its merits before ruling on the motion for summary dismissal.

Beavers' claim is without merit. First, there is no right to counsel in post-conviction relief proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987). In *Finley*, the United States Supreme Court stated, "States have no obligation to provide [post-conviction] relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." *Id*. at 552. Further, "[w]here there is no right to counsel, there can be no deprivation of effective assistance of counsel." *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014). The appointment of counsel did not carry with it the right to the effective assistance of that counsel or a due process right to a change of counsel.

Second, it was not necessary for the district court to rule on Beavers' motion for change of counsel before ruling on the State's motion for summary dismissal. In *Charboneau v. State*, 140 Idaho 789, 102 P.3d 1108 (2004), the Idaho Supreme Court held that in post-conviction proceedings, district courts must rule on motions for appointed counsel before ruling on motions for summary dismissal, "in order to give the petitioner an opportunity with counsel to properly allege the necessary supporting facts." *Id*. at 793, 102 P.3d at 1112. In this case, Beavers had an opportunity with counsel to allege the necessary facts and arguments in his brief in response to

the State's motion for summary dismissal and at a hearing on the motion for summary dismissal. Because the court afforded Beavers this opportunity, it was not necessary for the court to rule on Beavers' motion for change of counsel before ruling on the State's motion for summary dismissal. Further, Beavers has not shown his motion for change of counsel would have affected the court's ruling on the State's motion for summary dismissal. The hearing had been held and the motion taken under advisement by the district court before Beavers filed his motion for change of counsel. Beavers does not show how a change of counsel would have affected the court's ruling on the State's motion for summary dismissal.

Finally, there was no request for a hearing on the motion. The district court did not err in ruling on the State's motion for summary dismissal without ruling on Beavers' motion for change of counsel.

## III.

## CONCLUSION

Beavers did not provide specific facts showing deficiency and prejudice in his petition and affidavit, and he was not entitled to have the district court rule on his motion for change of counsel before ruling on the State's motion for summary dismissal. The district court's order summarily dismissing Beavers' petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.