**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43683**

| | | |
|---|---|---|
| JOHN DAVID WEBB, | ) | **2017 Unpublished Opinion No. 482** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: May 31, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| STATE OF IDAHO, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Jay P. Gaskill, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

John David Webb; Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

John David Webb appeals from the district court's summary dismissal of Webb's petition for post-conviction relief. Webb argues his trial counsel was ineffective because trial counsel failed to read Webb the full definition of the charge before he signed the guilty plea. Because Webb has failed to support his assertion with relevant facts, argument, or authority, and has failed to assign any error to the district court, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Webb entered an *Alford*[1] plea to intimidating a witness. At the sentencing hearing, Webb's trial counsel moved to withdraw Webb's guilty plea, arguing that Webb's behavior did not amount to a felony charge. The district court denied Webb's motion to withdraw his guilty plea. The district court sentenced Webb to a unified five-year term, with two years determinate.

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Webb filed a petition for post-conviction relief alleging prosecutorial misconduct and judicial misconduct. Webb also claimed trial counsel was ineffective for conducting an inadequate investigation and failing to file a motion to withdraw Webb's guilty plea. The State filed a motion for summary dismissal of Webb's post-conviction petition. The district court granted the State's motion for summary dismissal holding Webb presented no evidence to support his claims. Further, because Webb did not appeal the district court's ruling on Webb's motion to withdraw his guilty plea, the district court determined Webb forfeited review of this issue in a post-conviction proceeding. Webb timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but

2

the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

# III.

# ANALYSIS

The single claim Webb asserts on appeal is that his trial counsel was ineffective for failing to file a motion to withdraw Webb's guilty plea. This Court does not consider an issue that is not supported by argument and authority in the appellant's opening brief. *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *see also* I.A.R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and the record relied upon."). Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Where an appellant fails to assert his assignments of error with particularity and to support the position with sufficient authority, those assignments of error are too indefinite to be heard by the court. *Id.* A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. *Id.* This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the Idaho Appellate Rules, it is deemed to be waived. *Bagley*, 148 Idaho at 79, 229 P.3d at 1152.

Although Webb stated his issue on appeal was ineffective assistance of counsel, Webb does not argue that trial counsel's performance was deficient or that Webb was prejudiced by the alleged deficient performance. Rather, Webb contends that in light of the facts of the underlying case, he should have been taken to the "drunk tank to sober up," ordered to pay a fine for damaging the newspaper stand, or been required to apologize to the victims. Webb concludes his brief by requesting that his felony conviction be reduced to a misdemeanor. Because Webb provided no relevant facts, argument, or authority, we are unable to review Webb's claim on appeal. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Moreover, Webb has not shown the district court erred in summarily dismissing Webb's petition for post-conviction relief. Webb failed to assert an assignment of error with particularity, argument, or authority. This Court will not search a trial record for unspecified

errors. *State v. Fortin*, 124 Idaho 323, 327, 859 P.2d 359, 363 (Ct. App. 1993). Thus, Webb has failed to show the district court erred in summarily dismissing Webb's petition for post-conviction relief.

## IV.

## CONCLUSION

Webb's claim on appeal will not be considered by this Court because Webb has failed to support the claim with relevant facts, argument, or authority. Furthermore, Webb has failed to assign error to the actions of the district court. Therefore, we affirm the district court's order summarily dismissing Webb's petition for post-conviction relief.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.