949 P.2d 226

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert Lee HERRERA, Defendant–Appellant.**

No. 23388.

Court of Appeals of Idaho.

Nov. 17, 1997.

Review Denied Jan. 22, 1998.

Kehne Law Office, Boise, for defendant-appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff-respondent.

SCHWARTZMAN, Judge.

A jury found Robert Lee Herrera guilty of one count of delivery of methamphetamine and one count of delivery of amphetamine, I.C. § 37–2732. For each count the court imposed a unified twenty-five year term, ten years fixed, with the sentences to run concurrently. Herrera appeals, contending that the sentences are excessively harsh and constitute an abuse of discretion.

Where a sentence is within the statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). A sentence may constitute a clear abuse of discretion if it is unreasonable upon the facts of the case. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992).

"[A] term of confinement is reasonable to the extent it appears necessary, at the

time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria."

*Broadhead,* 120 Idaho at 145, 814 P.2d at 405, *quoting State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ Where an appellant asserts that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record and focus upon the nature of the offense and the character of the offender. *State v. Hernandez,* 121 Idaho 114, 118, 822 P.2d 1011, 1015 (Ct.App.1991); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). With respect to sentences imposed under the Uniform Sentencing Act, I.C. § 19–2513, this Court has previously stated:

the minimum period [of confinement] generally will be treated as the probable measure of confinement for the purpose of sentence review. By focusing on this period, we do not wholly disregard the aggregate length of the sentence, nor do we suggest that a prisoner will be *entitled* to parole when the minimum period has elapsed; but we do recognize that he will be *eligible* for parole at that time.

*State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989) (emphasis in original). Herrera's minimum period of confinement is ten years.

Herrera raises several arguments in support of his appeal. First, he urges this Court to overrule that portion of *State v. Sanchez* which holds that for the purpose of sentencing review, the minimum period of confinement is the probable period of incarceration. Herrera asserts that under the Unified Sentencing Act, the *Sanchez* rule fails to realistically predict the actual period of incarceration for the repeat offender and is therefore unreasonable and unfair as to him.

■ While we agree that the minimum period of incarceration may not always be an adequate predictive measure of probable confinement, we decline Mr. Herrera's invitation to overrule the general rationale of *State v. Sanchez.* Although this Court does not normally consider the indeterminate portion of a defendant's sentence, our holding in *Sanchez* does not necessarily preclude such an analysis. In fact, *Sanchez* expressly provides that a sentencing or appellate court "not wholly disregard the aggregate length of the sentence." Thus, while we continue to follow the rule in *Sanchez,* we leave open the possibility for an appellant to establish that special circumstances require consideration of more than the fixed period of confinement.

■ Herrera argues that such is the case here, suggesting that we consider the fixed portion plus one third of his indeterminate sentence as the probable measure of his confinement. He asserts that in light of his prior record, there is a high probability that he will not be granted parole until he serves at least one third of the indeterminate portion of his sentence. The state responds that the Idaho Supreme Court was faced with a similar argument in *State v. Alberts,* 124 Idaho 489, 861 P.2d 59 (1993). In *Alberts,* the defendant urged the court to evaluate the reasonableness of his sentence by utilizing the indeterminate rather than the fixed portion of his sentence as the probable measure of his confinement. The defendant was convicted of a sex offense and argued that because he would not receive psychiatric treatment in the Idaho correctional system, the Commission on Pardons and Parole would not grant him parole and he would likely serve his entire indeterminate life sentence. The court declined to address the argument because defendant had failed to raise it in the district court, leaving no record for it to evaluate on appeal. *Alberts,* 124 Idaho at 491, 861 P.2d at 61. Herrera similarly failed to raise this issue in the district court. Accordingly, we consider the fixed portion of

Herrera's sentence as the probable length of his confinement.

The possible penalty for the delivery of amphetamine or methamphetamine, regardless of quantity, is life imprisonment. *See* I.C. § 37–2732(a)(1)(A). A jury found Herrera guilty of two counts of delivery of a controlled substance, verdicts that could have resulted in two fixed life sentences. In addition, on review of the sentencing transcript, the district court clearly considered all of the *Toohill* factors in fashioning Herrera's sentence. Because of significant evidence to the contrary, the district court expressed skepticism with respect to the veracity of Herrera's denial of involvement with the charged offenses. In addition, the district court considered Herrera's past criminal history and found that despite numerous opportunities for rehabilitation, Herrera has not been able to bring his conduct within the requirements of the law. Finally, the district court considered the need to protect society, noting Herrera's inability to control his capacity for violence and his involvement in the use and distribution of narcotics. Based on these factors, considering the nature of the offense and Herrera's character, we conclude that Herrera has failed to demonstrate that his sentence is unreasonable or that the district court abused its discretion.[1]

We affirm Herrera's judgment of conviction and concurrent sentences of twenty-five years, with a ten-year minimum period of confinement, for two counts of delivery of a controlled substance.

LANSING, C.J., and PERRY, J., concur.

---

1. Were we to assume that Herrera will serve at least fifteen years as he argues, the result would still be the same.