962 P.2d 395

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Johnnie Lee BAYLES, Defendant–Appellant.**

No. 23766.

Court of Appeals of Idaho.

June 18, 1998.

Johnnie Lee Bayles, pro se appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

This is an appeal from the denial of the appellant's motion for modification of his sentence following a conviction for forgery.

## BACKGROUND

In June 1996, Johnnie Lee Bayles forged a check and passed it in a market in Gooding County. The check was from a checkbook that had been stolen in the burglary of a business office. Bayles made the check payable to himself in the amount of $460, and placed a false signature on it. For this offense, Bayles was charged with forgery, I.C. § 18–3601, in Gooding County.

Earlier the same day, in Twin Falls County, Bayles and another man had broken into a video arcade and stolen a change machine holding approximately $2,600 in game tokens and a money box containing approximately $150 in cash. This offense resulted in a prosecution for burglary, I.C. § 18–1401, in Twin Falls County.

Bayles ultimately pleaded guilty in both cases. He was sentenced first in the burglary case, and the court imposed a unified ten-year sentence with a five-year minimum term of imprisonment. That sentence is not at issue here. At the subsequent sentencing hearing in the Gooding County forgery case, the prosecutor recommended the same sentence that Bayles had received in the burglary case, a ten-year term with five years fixed. Bayles's attorney expressed agreement with the prosecutor's sentencing recommendation. However, neither the prosecutor nor the defense attorney addressed whether the recommended sentence should run concurrently with or consecutively to the sentence that had been imposed for the burglary. The district court then imposed the sentence recommended by the parties, but ordered that it be served consecutively to the burglary sentence, thus requiring that Bayles serve a minimum of ten years' imprisonment on the two sentences before eligibility for parole.

Defense counsel filed a timely motion for reduction of the sentence pursuant to Idaho Criminal Rule 35. The motion requested "the right to present evidence and oral argument on this motion." One week after the motion was filed, and without a hearing, the district court entered an order denying the requested relief. On appeal, Bayles contends that the district court erred when it ruled on the motion without honoring the request, expressed in the motion, to allow Bayles to present evidence. He also argues that the court abused its discretion by refusing to modify the sentence by making it concurrent with the burglary sentence.

## ANALYSIS

### A. District Court Did Not Err by Ruling on the Motion Without Waiting for Further Evidence

We consider first Bayles's assertion that the court erroneously deprived him of an opportunity to present evidence on the Rule 35 motion. Rule 35 expressly gives the trial court discretion to act on a motion for reduction of a sentence "without the admission of additional testimony and without oral argument." This discretion is abused only if the court unreasonably refuses to consider relevant evidence or otherwise unduly limits the information considered. *State v. Ramirez*, 122 Idaho 830, 836, 839 P.2d 1244, 1250 (Ct. App.1992); *State v. Findeisen*, 119 Idaho 903, 905, 811 P.2d 513, 515 (Ct.App.1991); *State v. Puga*, 114 Idaho 117, 118, 753 P.2d 1263, 1264 (Ct.App.1987); *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct. App.1984).

The district court here did not refuse to consider any evidence offered by Bayles nor unfairly limit or preclude his presentation of evidence. As we stated in *State v. Fortin*, 124 Idaho 323, 328, 859 P.2d 359, 364 (Ct. App.1993), "A Rule 35 movant wishing to submit additional evidence should make an 'offer of proof' *in the motion itself or by an accompanying affidavit* to enable the district judge to make a reasoned decision on whether to hold an evidentiary hearing and to create a record upon which appellate review may be based." (Emphasis added.) Thus, when a Rule 35 motion is filed, it is incum-

bent upon the movant to present supporting evidence by way of affidavits or other documents. If anticipated evidence is not yet available or if the defendant believes that an evidentiary hearing is essential because relevant evidence cannot be adequately presented in writing, such circumstances should be explained to the court in the motion or an accompanying affidavit. Bayles's counsel did not submit any evidence in support of the Rule 35 motion, did not advise the court of any then-unavailable evidence which would be forthcoming, the nature thereof, or an approximate date by which such evidence would be filed, or give any reason why he believed a hearing would be necessary. The vague request in Bayles's motion for "the right to present evidence" was at once both unnecessary and inadequate. It was *unnecessary* as to any evidence that was then available because such evidence could have been presented with the motion and without prior leave of the court. It was *inadequate* as a request for additional time to assemble and present evidence because it neither expressly requested an allowance of time for presentation of evidence nor presented any basis or justification for such a request.

On appeal Bayles, acting *pro se*, asserts that at the time his motion was filed, his ability to communicate with his attorney and to gather evidence was impaired by his transfer to an out-of-state correctional facility. The district court, however, was never advised of this circumstance or of any other reason to delay in acting upon Bayles's motion for modification of his sentence. Therefore, Bayles has not shown that the district court abused its discretion by ruling on the Rule 35 motion without waiting further for Bayles to present support for the motion.

## B. District Court Did Not Abuse Its Discretion by Declining to Reduce the Sentence

▇ Bayles also requests that we review the denial of his Rule 35 motion on the merits. He asserts that even in the absence of any new evidence supporting the motion, on the sentencing record alone it is apparent that his sentence is excessive. He requests that this Court modify his forgery sentence to make it run concurrently with his burglary sentence.

▇ A motion under I.C.R. 35 is essentially a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Lopez,* 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984). On appeal, our criteria for review of rulings on Rule 35 motions are the same as those applied in determining whether the original sentence was reasonable. *Id.* at 450, 680 P.2d at 872. Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Where a sentence is not illegal, the defendant bears the burden of showing that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead,* 120 Idaho 141, 146, 814 P.2d 401, 406 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

▇ On appellate review of a sentence, we ordinarily consider the determinate term of the defendant's sentence as the probable duration of incarceration. This was explained in *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989), as follows:

[T]he minimum period generally will be treated as the probable measure of confinement for the purpose of sentence review. By focusing on this period, we do not wholly disregard the aggregate length of the sentence, nor do we suggest that a prisoner will be *entitled* to parole when the minimum period has elapsed; but we do recognize that he will be *eligible* for parole at that time.

*Id.* at 777, 769 P.2d at 1149 (emphasis in original). Bayles asserts that this general principle of appellate sentence review is unrealistic and should be abandoned because, he asserts, most inmates in this state are not released at the conclusion of their minimum terms.

**628**

This Court recently addressed a similar argument in *State v. Herrera,* 130 Idaho 839, 949 P.2d 226 (Ct.App.1997), where we stated:

While we agree that the minimum period of incarceration may not always be an adequate predictive measure of probable confinement, we decline Mr. Herrera's invitation to overrule the general rationale of *State v. Sanchez.* Although this Court does not normally consider the indeterminate portion of a defendant's sentence, our holding in *Sanchez* does not necessarily preclude such an analysis. In fact, *Sanchez* expressly provides that a sentencing or appellate court 'not wholly disregard the aggregate length of the sentence.' Thus, while we continue to follow the rule in *Sanchez,* we leave open the possibility for an appellant to establish that special circumstances require consideration of more than the fixed period of confinement.

*Id.* at 840, 949 P.2d at 227. Despite this acknowledgment that in some circumstances review of the indeterminate portion of a sentence may be appropriate, we declined to examine Herrera's assertion that he likely would be incarcerated longer than his minimum term because he had not raised the issue in the district court nor made any record to support his bare assertion that the fixed portion of his sentence was not the probable length of his imprisonment. Like the defendant in *Herrera,* Bayles did not raise this issue below and has presented no evidence to substantiate his claims that "letting inmates out on parole at the end of their fixed term is no longer the norm" and that he is likely to serve at least seventeen years on his consecutive ten-year sentences for burglary and forgery. Accordingly, we will base our review of the denial of Bayles's Rule 35 motion upon the determinate portion of his sentence.

In conducting a Rule 35 review, the question before us is not whether the sentence is one that this Court would have chosen. Rather, if reasonable minds might differ as to the appropriateness of the sentence, the discretion vested in the district court will be respected. *Brown,* 121 Idaho at 393, 825 P.2d at 490; *State v. Admyers,* 122 Idaho 107, 108, 831 P.2d 949, 950 (Ct.App.

1992). Bayles has a lengthy criminal record dating back to 1984. This record includes at least four convictions for theft, four convictions for burglary, and one conviction for forgery. The current offense occurred while Bayles was on parole. In view of this history, we cannot say that the district court abused its discretion when it denied Bayles's motion for rule 35 relief and declined to modify his consecutive sentence to one that would run concurrently with the sentence for burglary.

The district court's order denying Bayles's motion for modification of his sentence is affirmed.

PERRY and SCHWARTZMAN, JJ., concur.