**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38690**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 402 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 13, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STACEY C. HULSE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Jeffrey Brownson of Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Stacey C. Hulse pled guilty to a charge of failure to register as a sex offender. The district court imposed a unified sentence of ten years with a minimum period of confinement of one year. On February 22, 2011, three days after entry of the judgment of conviction, Hulse, through counsel, filed a I.C.R. 35 motion for reconsideration of his sentence which also requested "leave to supplement the motion with supporting documentation and/or other evidence." On March 2, 2011, the district court denied the motion (by way of a notation on the face of the motion) without a hearing and without entering an order stating a reason for the denial. Hulse appeals, asserting that the district court abused its discretion when it denied the motion without a hearing, without stating reasons for the denial, and without granting the request for leave to supplement the motion.

1

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). If the trial court acted irrationally, an abuse of discretion will be found. *State v. Izaguirre*, 145 Idaho 820, 823, 186 P.3d 676, 679 (Ct. App. 2008).

**A.     Denial of Rule 35 Motion without Stating Reasons**

Hulse argues that the district court erred in denying his Rule 35 motion without any stated reasons. However, a trial court is not required to enter findings in support of its decisions on a Rule 35 motion. *State v. Strand*, 137 Idaho 457, 463, 50 P.3d 472, 478 (2002); *State v. Ojeda*, 119 Idaho 862, 867, 810 P.2d 1148, 1153 (Ct. App. 1991). Therefore, the district court did not abuse its discretion by not entering findings or otherwise explaining the reasons for denying the Rule 35 motion.

**B.     Denial of Rule 35 Motion without a Hearing**

Hulse argues that the district court erred in denying his Rule 35 motion without a hearing. We first note that the record does not disclose any request by Hulse that the district court hold a hearing on the motion. Rule 35 provides that motions under the rule "shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion." Thus, the decision whether to

conduct a hearing on a Rule 35 motion is directed to the sound discretion of the district court. *State v. Peterson*, 126 Idaho 522, 525, 887 P.2d 67, 70 (Ct. App. 1994). Hulse has not shown that the district court abused its discretion by deciding the motion without a hearing, particularly where there was no request for a hearing.

## C.     Denial of Request for Leave to Supplement Rule 35 Motion

Hulse argues the district court abused its discretion when it denied his request for leave to supplement the Rule 35 motion and, thus, unduly limited the information considered in deciding the motion. We agree, generally, that when a defendant presents new relevant information in connection with a Rule 35 motion the district court should consider such information. *See State v. Thomas*, 133 Idaho 682, 688, 991 P.2d 870, 877 (Ct. App. 1999); *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct. App. 1984). Here, however, no new information was presented, there was no indication as to what "supporting documentation and/or other evidence" might eventually be presented, and the need for additional time was not explained. In *State v. Bayles*, 131 Idaho 624, 626, 962 P.2d 395, 397 (Ct. App. 1998), the defendant filed a Rule 35 motion and requested the right to present evidence and oral argument on the motion. One week after the motion was filed, the district court denied the motion without a hearing. Bayles argued the district court erred when it ruled on the motion without granting the request to present evidence, asserting it erroneously deprived him of an opportunity to support of his Rule 35 motion. In affirming the denial of the motion, this Court stated:

> [A court's] discretion is abused only if the court unreasonably refuses to consider relevant evidence or otherwise unduly limits the information considered. . . .
>
> The district court here did not refuse to consider any evidence offered by Bayles nor unfairly limit or preclude his presentation of evidence. As we stated in *State v. Fortin*, 124 Idaho 323, 328, 859 P.2d 359, 364 (Ct. App. 1993), "A Rule 35 movant wishing to submit additional evidence should make an 'offer of proof' *in the motion itself or by an accompanying affidavit* to enable the district judges to make a reasoned decision on whether to hold an evidentiary hearing and to create a record upon which appellate review may be based. . . . If anticipated evidence is not yet available or if the defendant believes that an evidentiary hearing is essential because relevant evidence cannot be adequately presented in writing, such circumstances should be explained to the court in the motion or an accompanying affidavit. Bayles's counsel did not submit any evidence in support of the Rule 35 motion, did not advise the court of any then-unavailable evidence which would be forthcoming, the nature thereof, or an approximate date by which such evidence would be filed, or give any reason why he believed a hearing would be necessary. The vague request in Bayles's motion for the "right to present evidence" was at once both unnecessary and inadequate.

3

*Bayles*, 131 Idaho at 626-27, 962 P.2d at 397-98 (citations omitted). Hulse's request for leave to supplement his Rule 35 motion was similar to the request in *Bayes.* It was unsupported by any offer of proof or any indication of what the evidence was or when it might become available. Under these circumstances, the district court did not abuse its discretion in denying Hulse's Rule 35 motion without granting leave to supplement the motion.

**D.    Conclusion**

The district court did not abuse its discretion in denying Hulse's Rule 35 motion without a hearing, without stating the reasons for the denial, and without granting leave to present additional evidence. Accordingly, we affirm the district court's order denying Hulse's Rule 35 motion for a reduction of his sentence.