# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 39288 & 39289

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 583 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 8, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUAN MANUEL MENDOZA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgments of conviction and concurrent unified sentences of ten years, with a minimum period of confinement of three years, for felony domestic violence and seven years, with a minimum period of confinement of three years, for possession of a controlled substance, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>; orders denying motions for credit for time served, <u>reversed</u> <u>and</u> <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 39288, Juan Manuel Mendoza pled guilty to felony domestic violence. I.C. § 18-918(2). In Docket No. 39289, Mendoza pled guilty to possession of a controlled substance. I.C. § 37-2732(c). In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Mendoza to a unified term of ten years, with a minimum period of confinement of three years, for felony domestic violence and a concurrent unified term of seven years, with a minimum period of confinement of three years, for possession of a

1

controlled substance. Mendoza filed I.C.R 35 motions for reduction of his sentences, which the district court denied. Mendoza filed motions for credit for time served, which the district court also denied. Mendoza appeals.

**A.      Sentence Reviews**

Mendoza argues that the district court erred in imposing excessive sentences. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**B.      Rule 35 Motions**

Next, we review whether the district court erred in denying Mendoza's Rule 35 motions. Specifically, Mendoza argues that the district court did not provide him a meaningful time to supplement his Rule 35 motions. Rule 35 Rule 35 of the Idaho Criminal Rules provides the trial court may, in its discretion, decide a motion to modify a sentence without the admission of additional testimony and without oral argument. This discretion is abused only if the court unreasonably refuses to consider relevant evidence or otherwise unduly limits the information considered. *State v. Bayles*, 131 Idaho 624, 626, 962 P.2d 395, 397 (Ct. App. 1998); *State v. Torres*, 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct. App. 1984). In *Bayles*, this Court explained:

> As we stated in *State v. Fortin*, 124 Idaho 323, 328, 859 P.2d 359, 364 (Ct. App. 1993), "A Rule 35 movant wishing to submit additional evidence should make an 'offer of proof' *in the motion itself or by an accompanying affidavit* to enable the district judge to make a reasoned decision on whether to hold an evidentiary hearing and to create a record upon which appellate review may be based." (Emphasis added.) Thus, when a Rule 35 motion is filed, it is incumbent upon the movant to present supporting evidence by way of affidavits or other documents. If anticipated evidence is not yet available or if the defendant believes that an evidentiary hearing is essential because relevant evidence cannot be adequately presented in writing, such circumstances should be explained to the court in the motion or an accompanying affidavit.

*Bayles*, 131 Idaho at 626, 692 P.2d at 397.

Mendoza filed his Rule 35 motions for reduction of his sentences, but did not include any new or additional information or argument as to why the district court should grant his motions. Rather, Mendoza included a request that "the Court grant leave in order to supplement further the motion with support documentation and/or other evidence." Mendoza did not identify proposed supplement or explain why it was not submitted with his motion. Therefore, the district court did not refuse to consider evidence offered by Mendoza and did not unfairly limit or preclude his presentation of evidence. *See Bayles*, 131 Idaho at 626, 962 P.2d at 397. Accordingly, Mendoza has failed to show that the district court abused its discretion in denying Mendoza's motions.

## C.      Motions for Credit for Time Served

Mendoza was incarcerated prior to the sentencing in his cases. The district court awarded Mendoza credit for 148 days served. Mendoza moved the district court for additional credit for time served--176 days--which the district court denied. On appeal, the state concedes that Mendoza should be awarded a total of 176 days. Therefore, the district court erred in denying Mendoza's motion. Accordingly, we reverse the district court's orders denying credit for time served and remand these cases for the entry of amended judgments awarding him said credit.

Mendoza's judgments of conviction and sentences and the district court's orders denying Mendoza's Rule 35 motions are affirmed. However, the district court's orders denying Mendoza's motions for credit for time served are reversed and these cases are remanded for the entry of amended judgments awarding him said credit.