IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 41138 & 41139

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 655 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 8, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KATHERINE ANNE GIBSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Cheri C. Copsey, District Judge.

Order revoking probation and executing concurrent, unified sentences of six years, with two years determinate, for possession of a controlled substance and forgery, underlined(affirmed); orders denying Idaho Criminal Rule 35 motions for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge
_____

PER CURIAM

In consolidated cases at the district court, Katherine Anne Gibson pled guilty to possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c), and forgery, I.C. § 18-3601.  The district court sentenced Gibson to concurrent unified sentences of six years, with two years determinate; however, the court suspended the sentences and placed Gibson on probation.  Several years later, Gibson admitted to violating terms of her probation.  The district court revoked probation and executed Gibson's underlying sentences.  Gibson appealed and the two cases were consolidated on appeal.  Gibson also filed Idaho Criminal Rule 35 motions for reduction of her sentences, requested additional time to submit supporting information, and

1

requested an evidentiary hearing. Later, Gibson filed addendums to her Rule 35 motions with additional information. The district court denied the motions without holding a hearing.

After filing this appeal, and before assignment to this Court, Gibson filed a motion to augment the record with additional transcripts. The Idaho Supreme Court entered an order granting Gibson's motion, and the State later filed an objection to the motion to augment. The Supreme Court treated the State's objection as a motion for reconsideration, which it granted. The Supreme Court withdrew its prior order granting the motion to augment and entered an order denying Gibson's motion to augment.

On appeal Gibson argues that the Idaho Supreme Court denied her due process, equal protection, and effective assistance of counsel by denying her motion to augment the record. Gibson also contends that the district court abused its discretion by revoking probation and executing her sentences without reduction. Further, Gibson contends the district court erred by denying her Rule 35 motions based on a lack of new information.

### A.      Denial of Motions to Augment Record

Gibson asks this Court to hold that the Idaho Supreme Court deprived her of due process, equal protection, and effective assistance of counsel when it denied her motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Gibson has not filed with this Court a renewed motion to augment the record or presented to this Court in her briefing any significant new facts or a new justification for augmentation

beyond that already advanced in her motion to the Supreme Court. In essence, Gibson asks us to determine that the Idaho Supreme Court violated constitutional law by denying her motions.

We adhere to our conclusion in *Morgan* that reviewing the denial of a motion to augment the record by the Supreme Court is beyond the scope of our authority. If a party files a renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion. Gibson had an opportunity to present her constitutional arguments to the Supreme Court and that Court denied her motion. She has no right to appeal that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal.

**B.      Revocation of Probation and Review of Sentence**

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo,* 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838. Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues that are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well

3

established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation. Assuming Gibson can challenge the district court's failure to sua sponte reduce her sentences, we also conclude that the district court did not err in ordering execution of Gibson's underlying sentences without reduction. The order revoking probation and executing Gibson's underlying sentences is affirmed.

**C.      Idaho Criminal Rule 35 Motions**

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

Gibson contends the district court erred by denying her motions based on a lack of new information. However, the record reveals that the district court did consider Gibson's new information submitted in the addendums. In the order denying the motions, the district court stated, "Gibson's attorney filed additional material, which this Court will consider." It appears

4

Gibson's position stems from the district court's denial of Gibson's request for additional time to submit supporting information and an evidentiary hearing on the motion.

Rule 35 provides that motions under the rule "shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion." Thus, the decision whether to conduct a hearing on a Rule 35 motion is directed to the sound discretion of the district court. *State v. Peterson*, 126 Idaho 522, 525, 887 P.2d 67, 70 (Ct. App. 1994). If anticipated evidence is not yet available or if the defendant believes that an evidentiary hearing is essential because relevant evidence cannot be adequately presented in writing, such circumstances should be explained to the court in the motion or an accompanying affidavit. *State v. Bayles*, 131 Idaho 624, 626-27, 962 P.2d 395, 397-98 (Ct. App. 1998). As we stated in *State v. Fortin*, 124 Idaho 323, 328, 859 P.2d 359, 364 (Ct. App. 1993), "A Rule 35 movant wishing to submit additional evidence should make an 'offer of proof' *in the motion itself or by an accompanying affidavit* to enable the district judge to make a reasoned decision on whether to hold an evidentiary hearing and to create a record upon which appellate review may be based."

Here, the district court did not refuse to consider any new evidence offered by Gibson nor unfairly limit or preclude her presentation of evidence. *See Bayles*, 131 Idaho at 626-27, 962 P.2d at 397-98. The district court found that Gibson only presented vague speculation as to categories of potential information and additionally noted that Gibson did not provide any reason why an evidentiary hearing would be necessary. Accordingly, the district court did not abuse its discretion by denying Gibson's request for additional time to submit supporting information[1] or by denying Gibson's request for an evidentiary hearing. As such, the district court did not err in denying Gibson's Rule 35 motions. The orders denying Gibson's Rule 35 motions are affirmed.

---

[1] As we indicated above, the district court did ultimately consider the supporting information submitted by Gibson.