**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43268**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2016 Unpublished Opinion No. 342 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 26, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **KENNETH HALLQUIST,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order denying Idaho Criminal Rule 35 motion and motion for leave to supplement I.C.R. 35 motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Kenneth Hallquist appeals from the order denying his Idaho Criminal Rule 35 motion and motion for leave to supplement the I.C.R. 35 motion. For the reasons set forth below, we affirm the district court's decision denying Hallquist's I.C.R. 35 motion and motion to supplement the motion with supporting documentation or evidence.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Hallquist pleaded guilty to intimidating, impeding, influencing, or preventing the attendance of witness, felony, Idaho Code § 18-2604(3), and two counts of violation of a no-contact order, misdemeanor, I.C. § 18-920. The district court granted credit time served for the two misdemeanor charges. The district court imposed a unified five-year sentence, with one year determinate, for the felony charge, but after a period of retained jurisdiction, suspended the sentence and placed Hallquist on probation. Hallquist filed an I.C.R. 35 motion and a motion for

1

additional time to supplement the I.C.R. 35 motion with supporting documentation. The day after Hallquist filed these motions, the district court issued an order denying both motions. Hallquist appeals.

## II.

## ANALYSIS

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). A trial court acts within its discretion in issuing a decision on an I.C.R. 35 motion "without the admission of additional testimony and without oral argument." I.C.R. 35(b). However, the court may abuse its discretion if it unreasonably refuses to consider relevant evidence or otherwise unduly limits the information considered. *State v. Bayles*, 131 Idaho 624, 626-27, 962 P.2d 395, 397-98 (Ct. App. 1998); *State v. Ramirez*, 122 Idaho 830, 836, 839 P.2d 1244, 1250 (Ct. App. 1992). As we stated in *State v. Fortin*, 124 Idaho 323, 328, 859 P.2d 359, 364 (Ct. App. 1993):

> A Rule 35 movant wishing to submit additional evidence should make an "offer of proof" *in the motion itself or by an accompanying affidavit* to enable the district judge to make a reasoned decision on whether to hold an evidentiary hearing and to create a record upon which appellate review may be based.

(Emphasis added.)

Thus, when an I.C.R. 35 motion is filed, it is incumbent upon the movant to present supporting evidence by way of affidavits or other documents. *Bayles*, 131 Idaho at 626-27, 962 P.2d at 397-98. If anticipated evidence is not yet available or if the defendant believes that an evidentiary hearing is essential because relevant evidence cannot be adequately presented in writing, such circumstances should be explained to the court in the motion or an accompanying affidavit. *Id*. at 627, 962 P.2d at 398. In *Bayles*, we affirmed the district court's denial of the I.C.R. 35 motion and determined the district court had not abused its discretion in denying the motion within one week after the appellant made a request similar to the motion in this case. *Bayles*, 131 Idaho at 627, 962 P.2d at 398. There we stated:

> The vague request in Bayles's motion for "the right to present evidence" was at once both unnecessary and inadequate. It was *unnecessary* as to any evidence

2

that was then available because such evidence could have been presented with the motion and without prior leave of the court. It was *inadequate* as a request for additional time to assemble and present evidence because it neither expressly requested an allowance of time for presentation of evidence nor presented any basis or justification for such a request.

*Id.*

In this case, Hallquist argues the district court abused its discretion in limiting his ability to supplement his I.C.R. 35 motion with supporting documentation or evidence because it denied both his I.C.R. 35 motion and motion to supplement the I.C.R. 35 motion within twenty-four hours after the motions were filed. Hallquist's motion simply stated that he was requesting leave to supplement the motion, but did not provide any information about the type of evidence that would be submitted. The district court did not abuse its discretion in denying Hallquist's motion for leave to supplement the I.C.R. 35 motion because the motion neither identified what information would be forthcoming nor offered an explanation as to why that information was not available at the time the motion was filed.

Further, upon review of the record, we conclude no abuse of discretion has been shown in the district court's denial of Hallquist's I.C.R. 35 motion.

## III.

## CONCLUSION

For the reasons set forth above, we affirm the district court's order denying Hallquist's I.C.R. 35 motion and motion for leave to supplement because Hallquist offered the district court no information as to what information would be included in the supplemented record, nor did it explain why additional time was necessary to acquire and submit those documents to the court for consideration of the I.C.R. 35 motion.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.

3