**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48859**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 14, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHAEL BRIAN LaCAZE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying I.C.R. 35(b) motion for modification of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Michael Brian LaCaze appeals from the district court's order denying his Idaho Criminal Rule 35(b) motion. LaCaze argues that the district court abused its discretion by denying his motion without providing him time to supplement the motion or holding a hearing. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

LaCaze was charged with burglary and a persistent violator sentencing enhancement. Pursuant to a plea agreement, LaCaze pled guilty to burglary, the persistent violator enhancement was dismissed, and the State agreed to recommend that the district court place LaCaze on probation. LaCaze was sentenced to a unified term of ten years with five years determinate. The court suspended the sentence and placed LaCaze on probation for five years. As a condition of

1

LaCaze's probation, the court required LaCaze to complete a treatment program which he indicated he had already entered.

One month later, the district court revoked LaCaze's probation after he was denied admission into the treatment program. The district court executed LaCaze's sentence and retained jurisdiction. Four months later, the district court relinquished jurisdiction due to predatory behavior exhibited by LaCaze during his incarceration. Thereafter, LaCaze filed an I.C.R. 35(b) motion for modification of sentence, requesting that he be placed back on probation, for the district court to retain jurisdiction, or for the court to reduce his sentence. LaCaze provided no new information with the motion, but requested additional time to acquire documentation in support of the motion and requested that a hearing be held within sixty days.

The district court denied the motion as well as LaCaze's requests for additional time and a hearing, noting that LaCaze provided no additional evidence in support of his motion. LaCaze timely appeals.

## II.

## ANALYSIS

LaCaze argues that the district court abused its discretion when it denied his I.C.R. 35(b) motion. Specifically, LaCaze argues the district court unreasonably refused to consider additional information in ruling on the motion by failing to grant more time and/or a hearing before denying the motion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Rule 35(b) authorizes the court to consider a motion without the admission of additional testimony and without oral argument. However, the court may abuse its discretion if it unreasonably refuses to consider relevant evidence or otherwise unduly limits the information considered. *State v. Bayles*, 131 Idaho 624, 626-27, 962 P.2d 395, 397-98 (Ct. App. 1998). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the

2

reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

Regarding LaCaze's request for additional time and a hearing, this Court stated in *State v. Fortin*, 124 Idaho 323, 328, 859 P.2d 359, 364 (Ct. App. 1993):

> A Rule 35 movant wishing to submit additional evidence should make an "offer of proof" in the motion itself or by an accompanying affidavit to enable the district judge to make a reasoned decision on whether to hold an evidentiary hearing and to create a record upon which appellate review may be based.

In *Bayles*, 131 Idaho at 627, 962 P.2d at 398, we held:

> If anticipated evidence is not yet available or if the defendant believes that an evidentiary hearing is essential because relevant evidence cannot be adequately presented in writing, such circumstances should be explained to the court in the motion or an accompanying affidavit.

LaCaze's I.C.R. 35(b) motion presented no argument why sentence relief would be appropriate nor did it include any supporting evidence. Rather, LaCaze's motion merely stated that he intended to file unidentified documentation from the Idaho Department of Correction, provide "testimony from other individuals," and submit a written statement himself if given time to do so. He also indicated that he and others would testify at a hearing. LaCaze did not make an offer of proof in the motion itself or by an accompanying affidavit. Regarding the categories of information he noted, LaCaze acknowledges on appeal that it was not "an extremely robust explanation of the information he intended to provide." However, as we have noted, the purpose of the offer of proof or affidavit is to explain the circumstances to the court so that it can make a reasoned decision on the request. LaCaze did not do so. As noted by the district court, LaCaze gave no indication what the information he planned to provide would show, or why the information was not available at the time the motion was filed. LaCaze did not present any basis or justification for his request and, therefore, the district court did not abuse its discretion in denying LaCaze's I.C.R. 35(b) motion.

### III.

### CONCLUSION

The district court did not abuse its discretion by denying LaCaze's I.C.R. 35(b) motion. Accordingly, the district court's order denying LaCaze's motion is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.