# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49250

<table>
<tr><td>STATE OF IDAHO,<br><br>       Plaintiff-Respondent,<br><br>v.<br><br>BYRON BUFF REID,<br><br>       Defendant-Appellant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Filed: September 27, 2022<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY</td></tr>
</table>

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying Idaho Criminal Rule 35(b) motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Byron Buff Reid appeals from the district court's order denying his Idaho Criminal Rule 35(b) motion. Reid argues that the district court abused its discretion in denying his motion by potentially confusing his case with another case, by not providing him time to supplement the motion or holding a hearing, and by basing its decision on an allegedly unsupported factual finding. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Reid pleaded guilty to felony driving under the influence of alcohol, Idaho Code §§ 18-8004, 18-8005(6). The district court imposed a unified sentence of ten years, with a minimum period of incarceration of four years. Reid filed an I.C.R. 35(b) motion in which he requested a hearing and stated that "in addition to a written statement and/or testimony from Mr. Reid, other evidence may include documentation and testimony from other individuals in support of this

1

request." Reid provided no new information with the motion, but requested a hearing to present oral argument and evidence in support of his I.C.R. 35(b) motion. The district court found "Reid entirely fails to state what that testimony might be" and "gives this Court no idea of what his relevant evidence at [a] Rule 35 hearing would be." Further, the court found that "because Reid has completely failed to give any indication of any facts that would support his claim, his I.C.R. 35 motion must be denied due to that failure alone." The district court denied the I.C.R. 35(b) motion and request for a hearing. Reid appeals.

## II.

## STANDARD OF REVIEW

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Reid first argues that "to the extent that the court was confusing this case with another case, Mr. Reid submits that the district court did not reach its conclusion through an exercise of reason." The sentence at issue from the district court's denial of Reid's I.C.R. 35(b) motion is "the Court has reviewed Vandenberg's Rule 35 motion, the Court has re-reviewed the minutes of the November 18, 2020, sentencing hearing and has re-reviewed the pre-sentence report and all other materials reviewed at sentencing."

To the extent that the court was confusing this case with another case, Mr. Reid submits that the district court did not reach its conclusion through an exercise of reason. When viewed in context of the district court's entire order, the above sentence is a typographical error. With the exception of the above sentence, the remainder of the district court's order correctly identifies Reid as the defendant, the filing date of his I.C.R. 35(b) motion, the sentence imposed upon Reid, who Reid's assigned attorney was, and that Reid's motion was devoid of any evidence that would

warrant the reduction of his sentence. In this case, the typographical error in the district court's order denying Reid's I.C.R. 35(b) motion does not indicate the court incorrectly confused Reid's case with another case and, thus, does not constitute an abuse of discretion.

Reid next argues the district court erred in not granting him a hearing on his I.C.R. 35(b) motion, despite acknowledging that he did not provide any evidence in support of the motion, did not provide an offer of proof, and did not explain why such evidence was not attached to the motion. In presenting an I.C.R. 35(b) motion, the defendant must show that the sentence is excessive in light of new or additional information provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Rule 35(b) authorizes the court to consider a motion without the admission of additional testimony and without oral argument. However, the court may abuse its discretion if it unreasonably refuses to consider relevant evidence or otherwise unduly limits the information considered. *State v. Bayles*, 131 Idaho 624, 626-27, 962 P.2d 395, 397-98 (Ct. App. 1998). In conducting our review of the grant or denial of an I.C.R. 35(b) motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

Regarding Reid's request for a hearing, this Court stated in *State v. Fortin*, 124 Idaho 323, 328, 859 P.2d 359, 364 (Ct. App. 1993):

> A Rule 35 movant wishing to submit additional evidence should make an "offer of proof" in the motion itself or by an accompanying affidavit to enable the district judge to make a reasoned decision on whether to hold an evidentiary hearing and to create a record upon which appellate review may be based.

In *Bayles*, 131 Idaho at 627, 962 P.2d at 398, we held:

> If anticipated evidence is not yet available or if the defendant believes that an evidentiary hearing is essential because relevant evidence cannot be adequately presented in writing, such circumstances should be explained to the court in the motion or an accompanying affidavit.

Reid's I.C.R. 35(b) motion presented no argument why sentence relief would be appropriate nor did it include any supporting evidence. Rather, Reid's motion merely stated "[i]n addition to a written statement and/or testimony from Mr. Reid, other evidence may include documentation and testimony from other individuals in support of this request." Reid did not make an offer of proof in the motion itself or by an accompanying affidavit nor did he explain why the information was not available at the time of the motion. The purpose of the offer of proof or

3

affidavit is to explain the circumstances to the court so that it can make a reasoned decision on the request; Reid did not do so. Reid asserts that based on *State v. Izaguirre*, 145 Idaho 820, 825, 186 P.3d 676, 681 (Ct. App. 2008), a district court abuses its discretion if it unduly limits the information it considers before ruling on an I.C.R. 35 motion. However, Reid gave no indication what information he planned to provide. The motion also failed to explain why the information was not available at the time the motion was filed. Reid did not present any basis or justification for his request and, therefore, the district court did not unduly limit the information it considered because no information or explanation about the lack of information was presented in the motion. Thus, the district court did not abuse its discretion by denying Reid's request for a hearing.

Finally, Reid argues the district court denied the I.C.R. 35(b) motion based on an unsupported factual finding that Reid committed this offense while on supervised parole. The presentence investigation report indicates that Reid was convicted of a felony DUI in 2013 and received a ten-year suspended sentence. To the extent that Reid relies on information outside the appellate record to contradict that information, we decline to consider it. Consequently, the district court's use of the word "parole" instead of "probation" when describing Reid's supervision status in this case is inconsequential. The district court's decision denying Reid's I.C.R. 35(b) motion and request for a hearing is supported by substantial and competent evidence.

## III.

## CONCLUSION

The district court did not abuse its discretion by denying Reid's I.C.R. 35(b) motion. Accordingly, the district court's order denying Reid's I.C.R. 35(b) motion is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

4